United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————

No. 01-11503
Summary Calendar

————————

ERIC RANDALL HINKLE,

                                                                        Petitioner-
                                        Appellant,

                                versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                                                        Respondent-
                                        Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-114-Y
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Randall Hinkle, Texas prisoner # 849430, appeals the district court's denial of his 28

U.S.C. § 2254 petition. A certificate of appealability was granted on the issues (1) whether the

introduction of the victim's statements through her grandmother violated Hinkle's Confrontation

Clause rights under the Sixth and Fourteenth Amendments to the United States Constitution; and (2)

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

whether the introduction of the victim's statements through her physician and her counselor violated Hinkle's Confrontation Clause rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Given the young age of the child and the spontaneous, excited, and impulsive nature of her statement to her grandmother, the state court's decision concerning the child's statements to her grandmother was not "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1); White v. Illinois, 502 U.S. 346, 356 (1992); Santellan v. Cockrell, 271 F.3d 190, 193-94 (5th Cir. 2001); cert. denied, 535 U.S. 982 (2002). Because the child's statements to the physician and counselor fell within the firmly rooted exception for statements made for the purpose of medical diagnosis and treatment, the state court's decision concerning the child's statements to her physician and counselor was not "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1); White, 502 U.S. at 356; Santellan, 271 F.3d at 193-94.

AFFIRMED.